UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEPHEN CHANCE, | ) | |
| KIMBERLY CHANCE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:16-cv-00694-SEB-MJD |
| vs. | ) | |
| | ) | |
| WILLIAM CHANCE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Defendant's Motion to Compel. [Dkt. 27.] For the following reasons, the Court **GRANTS** Defendant's Motion.

**I. Background**

This matter has its roots in a state court case that settled in January 2015. In that case, William Chance, Jr., brought suit against his brother and sister-in-law, Stephen Chance and Kimberly Chance (the plaintiffs in this matter), alleging that they had improperly managed William and Stephen's parents' trusts. [*See* Dkt. 1-1 at 12-17.] As part of the state court settlement, Stephen and Kimberly denied the allegations against them. [*Id.*]

In March 2016, Stephen and Kimberly ("Plaintiffs") brought suit against William ("Defendant"), alleging that William had been sending them harassing phone calls and text messages and telling members of the community (including Stephen's business clients) that the "Chances are admitted liars and thieves." [Dkt. 34 at 5 (¶ 11) (amended complaint).] Plaintiffs allege that Defendant has mischaracterized the settlement agreement as an admission of wrongdoing and bad character. [Dkt. 34.] Plaintiffs allege that Defendant's conduct constitutes

1

intentional infliction of emotional distress, intentional interference with a contract, intentional interference with a business relationship, and defamation. [*Id.*]  On October 12, 2016, Defendant filed the instant Motion to Compel, seeking financial documents relating to Plaintiffs' administration of the trust funds.  [Dkt. 27.]

## II.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 37(a)(3), a party may move the Court to compel disclosure of documents if the party's request for production comports with the scope of discovery.  Fed. R. Civ. P. 37(a)(3)(B)(iv).  The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad, only limited from the outset to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

In this case, Plaintiffs' lone objection to Defendant's request for production is that the request seeks irrelevant documents.[1]  "Evidence is relevant if it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401; *see, e.g.*, *Cox v. Sherman Capital LLC*, No. 1:12-CV-01654-TWP-MJD, 2016 WL 397607 (S.D. Ind. Feb. 2, 2016) (citing Fed. R. Evid. 401).  "What constitutes relevant information is often a matter of judgment, and even 'irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.'" *Cox*, 2016 WL 397607, at *1 (quoting *U.S. Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, No. 13-cv-04307, 2015 WL 2148394 at *3 (N.D. Ill. 2015)).  Moreover, this Court is accorded "broad discretion in matters relating to discovery" and must be cognizant of

---

[1] The absence of any argument on the basis of proportionality in Plaintiffs' briefing means that such an objection is **waived.** *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704-05 (7th Cir. 2010)

the "strong public policy in favor of disclosure of relevant materials." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

### III.  Discussion

The parties dispute the relevance of the requested financial documents.  Defendant argues that the documents may show that Plaintiffs in fact committed improprieties when administering the trusts, which, Defendant maintains, would be relevant to his defenses.  Plaintiffs argue that their Amended Complaint pertains solely to Defendant's actions after the state court settlement and argue that Defendant is improperly attempting to relitigate settled issues.  Plaintiffs further argue that whether they improperly administered the trusts is irrelevant to any of Defendant's defenses.

The Court finds that the requested documents are relevant to at least one of Defendant's defenses and therefore must be disclosed.  Consider, for example, Plaintiffs' intentional infliction of emotional distress claim.  Indiana has adopted the Second Restatement's approach, *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991) (citing Restatement (Second) of Torts § 46 (1965)), which requires that one "(1) engage[] in 'extreme and outrageous' conduct that (2) intentionally or recklessly (3) causes (4) severe emotional distress to another." *Creel v. I.C.E. & Associates, Inc.*, 771 N.E.2d 1276, 1282 (Ind. Ct. App. 2002) (citation omitted).  The tort is only available in cases where "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Creel*, 77 N.E.2d at 1282 (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).  An "average member of the community" might consider it less outrageous for one to call another "slimy and dirty as they come" [Dkt. 34 at 2 (¶ 9)] (for example) if that other person had in fact improperly taken money

3

from a trust fund than if that other person had properly managed funds held in trust for another's benefit.

Plaintiffs' only response to this conclusion is that "even if William's subjective beliefs regarding what happened with his parents' finances were relevant, what actually happened is not. . . His conduct should only be explained using the information that he had when engaging in that conduct." [Dkt. 31 at 8.] But Plaintiffs fail to support this argument with citation to any authority, and the Court rejects it for several reasons. First, the tort has both subjective and objective requirements, including a subjective intent to cause emotional distress and an objective determination of the outrageousness of the conduct. *See Creel*, 771 N.E.2d at 1282. Plaintiffs' argument would limit the objective element of the tort in a manner that is not supported by the case law. *Cf. Van Stan v. Fancy Colours & Co.*, 125 f.3d 563, 567 (7th Cir. 1997) (applying Second Restatement test as adopted by Illinois) ("[W]e judge whether conduct is extreme and outrageous on an objective standard based on **all the facts and circumstances** of a particular case." (emphasis added)).

Second, even if the objective assessment could only account for the facts known to the defendant at the time of the conduct, it appears that Defendant in this case actually had the financial documents at the time of his conduct. [*See* Dkt. 35 at 5 ("[A]t the time of the alleged conduct, Defendant did, in fact, have access to significant volumes of Plaintiff's 'management' of their parents' finances.").] Even if this factual assertion is subject to dispute (as Plaintiffs were not able to respond to Defendant's reply brief), the possibility that Defendant had financial information at the time of his alleged actions strengthens Defendant's relevancy argument. Whether Defendant "had belief or grounds for belief in the truth of his statements" is relevant to

4

both his subjective intent and the objective reasonableness of his actions.  *Bah v. Mac's Convenience Stores, LLC*, 37 N.E.3d 539, 550 (Ind. Ct. App. 2015).

Third, even if Defendant did not have the documents at the time, if the financial documents demonstrate improper conduct, they would bolster Defendant's credibility as to the legitimacy of his subjective belief that Plaintiffs behaved improperly.  This alone is sufficient to move the financial documents across the Rule 26(b)(1) relevancy bar.  Defendant is entitled to explain the reasons for his conduct, and the financial documents are relevant to demonstrate how his reasons intersect with the objective truth regarding Plaintiffs' conduct.

### IV.  Conclusion

The evidence Defendant seeks is "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  The Court need go no further to determine that Defendant is entitled to production of the financial documents from the administration of his parents' trusts.  Accordingly, the Court **GRANTS** Defendant's Motion to Compel [Dkt. 27] and **ORDERS** Plaintiffs to produce documents responsive to requests seven through eleven of Defendant's First Request for Production of Documents within **seven days** of the date of this Order.

SO ORDERED.

Dated:  01 NOV 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.